# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON LAYCOOK, et al., | Case No. 1:18-cv-01263-LJO-SAB |
| Plaintiffs, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| COUNTY OF FRESNO, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Tyson Laycook ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and his children Isaiah[1] Laycook and Audrey Laycook. Currently before the Court is Plaintiff's complaint, filed on September 14, 2018.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

---

[1] Plaintiff uses both Isiah and Isaiah in the complaint for his son's name. The Court uses what it considers to be the traditional spelling of Isaiah.

1

(section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

/ / /

/ / /

/ / /

## II.

## COMPLAINT ALLEGATIONS

Sandra Hyatt is the parent of Isaiah Laycook. (Compl. 2,[2] ECF No. 1.) Fresno County is charged with enforcing the child protection statutes, rules, policies, and actions. (Id.)

On October 11, 2016, Julie Price filed a petition for emergency guardianship to get custody of Plaintiff's daughter, Audrey Laycook. (Id.) Ms. Price alleged that Plaintiff was doing drugs and had a serious drug problem. (Id.) The petition also alleged that Plaintiff was neglecting his daughter. (Id.) A hearing was held before Judge Lisa Gamoian and it was determined that Plaintiff was on drugs without drug tests and his daughter was taken from him. (Id.)

On June 9, 2018, another hearing was conducted. (Id.) In the hearing, it was determined that Plaintiff was not on drugs at the time that his daughter was taken from him and that his daughter was not being neglected. (Id.) It was also determined that Julie Price had some mental disorders and although she suspected that Plaintiff was on drugs she did not have knowledge that he was on drugs. (Id. at 2-3.)

During 2017 and 2018, Sandra Hyatt filed for emergency custody of Isaiah Laycook alleging that Plaintiff was on drugs. (Id. at 3.) A judge granted her custody and issued an order for supervised visitation and for no contact at all without a drug test to prove that Plaintiff was on drugs. (Id.)

Plaintiff brings this action alleging a right to be free from unlawful seizure of his children and familial association under the Fourth and Fourteenth Amendments. Plaintiff is seeking monetary damages. For the reasons addressed below, Plaintiff fails to state a cognizable claim for a violation of his federal rights.

/ / /

/ / /

/ / /

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

# III.

# DISCUSSION

## A. Plaintiff Cannot Represent his Children in this Action

Plaintiff brings this action on behalf of his children, Audrey Laycook and Isaiah Laycook. However, a plaintiff, who is not an attorney, may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). The Ninth Circuit has held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns, 114 F.3d at 877. Accordingly, Plaintiff cannot bring this action to assert the rights of his children without retaining counsel. The Court shall therefore only consider the claims raised in this action as they pertain to Plaintiff.

## B. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In order to state a claim under section 1983, a plaintiff must plead that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. In other words, to state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

### 1. Sandra Hyatt

It appears that the basis of Plaintiff's complaint is that Ms. Hyatt obtained a custody order by falsely stating that Plaintiff was on drugs. An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Generally,

private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

To act under color of law does not require that the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). There are four different factors or tests that courts use to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36. However, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party engaged in state action is a highly factual question" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette, 294 F.3d at 1209.

Here, Plaintiff has failed to allege any facts that Sandra Hyatt was acting under color of state law in filing a petition for custody of Isaiah. As the complaint is devoid of any allegations that Ms. Hyatt was acting under color of state law, Plaintiff has failed to state a cognizable claim against Ms. Hyatt under section 1983.

2. Fresno County

Plaintiff brings this action against Fresno County. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.

Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Here, Plaintiff has not identified any policy or custom of Fresno County that caused the deprivation of his federal rights. Further, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076. Plaintiff has failed to state a claim against the County of Fresno.

**C. Judicial Immunity**

The actual basis of the claim against the County of Fresno is unclear from the complaint. While Plaintiff makes conclusory allegations of fraud and false accusations, the only factual allegation contained in the complaint is that judges of the Fresno County Superior Court granted a petition for emergency guardianship by Julie Price and a petition for custody by Sandra Hyatt. To the extent that Plaintiff seeks to bring this action based on the court granting the petitions, the judges are entitled to absolute judicial immunity.

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

1    Absolute judicial immunity insulates the judge from actions for damages due to judicial
2 acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075
3 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and
4 however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting
5 Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in
6 the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at
7 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted
8 with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D.
9 Ariz. 2005).

10   To determine if an act is judicial in nature, the court considers whether (1) the precise act
11 is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy
12 centered around a case then pending before the judge; and (4) the events at issue arose directly
13 and immediately out of a confrontation with the judge in his or her official capacity. Duvall v.
14 Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,
15 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

16   Here, Plaintiff alleges that the judges granted petitions that had been filed by litigants in
17 the state court. Such actions are clearly within the normal functions of the judge and would be
18 within the judge's jurisdiction. Accordingly, absolute judicial immunity would apply to the
19 granting of the petitions.

20   **D.   Conspiracy**

21   Plaintiff alleges that there was a conspiracy to deceive the juvenile dependency court by
22 intentionally ignoring the requirements of the Uniform Child Custody Jurisdiction and
23 Enforcement Act. First, as to Plaintiff's claim that are based on fraud, the heightened pleading
24 standard of Rule 9 of the Federal Rules of Civil Procedure applies. Rule 9 provides that "[i]n
25 alleging fraud or mistake, a party must state with particularity the circumstances constituting
26 fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity
27 including an account of the time, place, and specific content of the false representations as well
28 as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756,

764 (9th Cir. 2007) (internal punctuation and citations omitted). Plaintiff's complaint is devoid of any factual allegations and fails to meet the pleading standard of Rule 9.

Further, a plaintiff must plead an "agreement" or "meeting of the minds" to violate a plaintiff's constitutional rights occurred in order to impose state actor status on a private actor for § 1983 liability. See United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989). In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am., 865 F.2d at 1541).

Here, Plaintiff merely makes conclusory allegations that a conspiracy existed, but has alleged no facts to demonstrate that any individuals had an agreement or meeting of the minds to violate his constitutional rights. Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. Plaintiff fails to state a conspiracy claim.

**E. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, the Court shall provide Plaintiff with the opportunity to file an amended complaint to cure the deficiencies identified in this order. The Court provides Plaintiff with the following legal standards that may apply based on review of the complaint.

1. <u>Plaintiff cannot assert the rights of third parties</u>

Plaintiff alleges an illegal seizure of his children, however, "[c]onstitutional claims are

1 personal and cannot be asserted vicariously."[3] Johns, 114 F.3d at 876.

2 Standing raises both constitutional and prudential concerns incident to the federal court's exercise of jurisdiction. Coalition of Clergy, Lawyers, and Professionals v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). A prudential principle of standing is that normally a plaintiff must assert his own legal rights rather than those of third parties. Oregon v. Legal Services Corp., 552 F.3d 965, 971 (9th Cir. 2009); Fleck and Associates, Inc. v. Phoenix, 471 F.3d 1100, 1104 (9th Cir. 2006.) Plaintiff does not have standing to assert the constitutional rights of his children. Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001).

2. <u>Interference with familial rights</u>

Plaintiff alleges interference with familial rights in violation of the Fourteenth Amendment. Parents and children have an established constitutional right to live together without governmental interference. Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 2000). Familial association claims arise under the First and Fourteenth Amendments, but the same standard applies to both claims, as well as the children's claims that arise under the Fourth Amendment, that parents will not be separated from their children without consent or due process. Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018).

The right to familial association has both a substantive and a procedural component. Keates, 883 F.3d at 1236. The right is a fundamental liberty interest, but "officials may interfere with the right if they 'provide the parents with fundamentally fair procedures[.]" Keates, 883 F.3d at 1236; see also Wallis, 202 F.3d at 1136. (The right is a "liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."). The Due Process Clause requires that a parent is entitled to notice and a hearing before his children are taken from him. Stanley v. Illinois, 405 U.S. 645, 658 (1972); Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1107 (9th Cir. 2001). The complaint does not include any factual allegations that would indicate that Plaintiff did not receive notice and a hearing prior to the state court issuing

---

[3] Further, the Court notes that Plaintiff has alleged no facts that his children were taken from him without a court order. Based on the allegations in the complaint, the Court granted the petitions that caused him to lose custody of his children.

9

the custody orders.

### 3. 42 U.S.C. § 1981

The complaint states that this action is brought under 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981. Unlike section 1983, a private actor can be held liable for racial discrimination under section 1981. Runyon v. McCrary, 427 U.S. 160, 173 (1976). To state a claim under Section 1981, "a plaintiff must establish that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give evidence, etc.)." Peterson v. State of California Dept. of Corrections and Rehabilitation, 451 F.Supp.2d 1092, 1101 (2006) (internal citations omitted).

The complaint is devoid of any allegations that Plaintiff is within the class protected by section 1981 or that he was prevented from engaging in any of the activities enumerated in the statute. Plaintiff has failed to state a claim for violation of section 1981.

### 4. 42 U.S.C. §§ 1985 and 1986

Plaintiff also states that this action is brought under 42 U.S.C. §§ 1985 and 1986. Section 1985 prohibits private individuals from conspiring to deprive another person of their civil rights. Griffin v. Breckenridge, 403 U.S. 88, 96 (1971). Section 1985(3) protects against conspiracies to deprive a person from equal protection of the law. 42 U.S.C. § 1985(3). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000).

To state a claim under section 1985(3), a plaintiff must allege sufficient facts to show "deprivation of a right motived by 'some racial, or perhaps otherwise class-based, invidiously

discriminatory animus behind the conspirators' actions.' " <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992)). The Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." <u>Sever</u>, 978 F.2d at 1536. "The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all." <u>Orin v. Barclay</u>, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting <u>Griffin</u>, 403 U.S. at 102) (emphasis omitted). Section 42 U.S.C. § 1986 provides a cause of action for damages for violation of section 1985. <u>I.H. by & through Hunter v. Oakland Sch. for Arts</u>, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017).

Plaintiff's complaint alleges that he was denied custody of his children because the court determined that he was using drugs. A drug user is not within a suspect or quasi-suspect class nor would such person fall within any category of persons who would be entitled to special protection. Additionally, as discussed above, there are no factual allegations to support the existence of a conspiracy. Plaintiff has failed to state a claim for violation of section 1985.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. <u>See</u> <u>Lopez</u>, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **October 15, 2018**

UNITED STATES MAGISTRATE JUDGE